UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JAMES WELK,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 2:18-cv-3008 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Also pending before the court is plaintiff's motion for a temporary restraining order or preliminary injunction. ECF No. 2.

  I. Application to Proceed In Forma Pauperis

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 12. Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that over a two-year period, twenty-five defendants spread between three different prisons, have violated plaintiff's rights under the Eighth Amendment and the ADA. ECF No. 11.

A. Improper Joinder

Joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20. "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). In other words, joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts.

In this case, the fact that plaintiff alleges violations of his rights under the Eighth Amendment and ADA against all defendants does not make his claims related for purposes of Federal Rule 20(a). Although similar in nature, the denial of accommodations that plaintiff

3

alleges occurred at different locations, at different times, and were for different accommodations. ECF No. 11 at 6-10 (defendants at Avenal State Prison (ASP) denied him a cane and walker from August to October 2017), 10-14 (between October 2017 and February 2018, defendants at California State Prison (CSP)-Solano provided him with a cane instead of a walker), 14 (in July 2018, defendants at California Medical Facility (CMF) revoked his wheelchair chrono and provided a walker instead). The undersigned therefore finds that defendants at ASP, CSP-Solano, and CMF are improperly joined.

When parties are misjoined, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (citations omitted).

Although plaintiff makes some allegations regarding conduct in 2015, those allegations appear intended to provide background into plaintiff's condition and his oldest claims appear to have arisen in 2017. To the extent plaintiff may be attempting to bring claims related to conduct in 2015, those allegations appear limited to violations of the ADA. Accordingly, any concerns about the statute of limitations are allayed. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (two-year statute of limitations for § 1983 claims in California); Sharkey v. O'Neal, 778 F.3d 767, 773 (9th Cir. 2015) (three-year statute of limitations for ADA claims in California); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000) (prisoners entitled to statutory tolling of two years if serving a sentence of less than life (citing Cal. Civ. Proc. Code § 352.1(a)).[1] The undersigned further notes that if the court severs the claims into two additional actions instead of dismissing them without prejudice, plaintiff will be obligated to pay the statutory filing fee of $350.00 for each additional action, even if he proceeds in forma pauperis, 28 U.S.C. § 1915(b)(1), and there is the potential for accruing a strike if the complaints are ultimately found to not state claims for relief, 28 U.S.C. § 1915(g).

---

[1] The California Department of Corrections and Rehabilitation's Inmate Locator website, accessible at https://inmatelocator.cdcr.ca.gov/, shows plaintiff has the possibility of parole.

Accordingly, since this action was initiated by plaintiff's motion for temporary restraining order or preliminary injunction, which relates to defendants at CMF, the claims against defendants at ASP and CSP-Solano, and the ADA claims against the CDCR based on those claims, should be dismissed without prejudice to re-filing as separate actions.

### B. CMF Defendants

Plaintiff alleges that doctors Ognjen Petras and Nnenna Ikegbu, correctional officer C. Reece, and chief executive officer Lori Austin violated his rights under the Eighth Amendment. ECF No. 11 at 14. He further alleges that these defendants, along with defendants California Department of Corrections and Rehabilitation (CDCR), Secretary Ralph Diaz, and Director Guillermo Rosa violated his rights under the ADA. Id. at 19. Plaintiff claims that on July 6, 2018, in addition to ignoring his complaints of severe pain, defendant Petras removed his permanent wheelchair chrono despite being aware that his condition was permanent, he was a fall risk, and he was transferred to CMF because he required a wheelchair. Id. at 14, 19. He filed emergency grievances which were denied by defendants Ikegbu and Austin, and his wheelchair was confiscated by defendant Reece on August 8, 2018, putting him at risk of injury from falling. Id. It appears that plaintiff was either provided or already had a walker when his wheelchair was confiscated. Id. Plaintiff proceeded to file an emergency accommodation request, which was denied by the Reasonable Accommodation Panel, who plaintiff states he is naming as defendants but does not actually identify. Id. He claims that the lack of appropriate accommodations resulted in his inability to access the yard and the loss of his credit-earning assignment. Id. at 19. Plaintiff also asserts that due to the stress of the situation, he suffered a heart attack on September 19, 2018. Id. at 14, 19.

### i. Eighth Amendment Claims

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of

life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's allegations that defendants Petras, Ikegbu, and Austin revoked his wheelchair chrono and refused to re-instate it despite his documented need, and that Petras ignored his complaints of severe pain, are sufficient to state claims for deliberate indifference. However, plaintiff's allegation that Reece was deliberately indifferent to an excessive risk to his health or safety when he confiscated plaintiff's wheelchair is not sufficient to state a claim. The facts in the complaint show that Reece was a correctional officer, not a member of medical staff, and that he was acting on the orders of medical staff. ECF No. 11 at 14. It further appears that plaintiff had access to a walker in place of his wheelchair. Id. There are no facts to suggest that Reece had the necessary subjective knowledge that providing plaintiff with a walker instead of a wheelchair would pose a significant risk to his health or safety. The claim against Reece therefore fails to state a claim for relief.

        ii.    ADA Claims

To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted). "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). The Supreme Court has held that Title II of the ADA applies to state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

Compensatory damages are available under the ADA where the failure to accommodate is the result of intentional discrimination. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Intentional discrimination can be shown by deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139 (citations omitted). "When the plaintiff has alerted the public entity to his need for accommodation . . . , the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test." Id. Once a request for accommodation has been received, the public entity "is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." Id. The denial of a request without investigation is sufficient to state a claim for deliberate indifference. Updike v. Multnomah County, 870 F.3d 939, 954 99th Cir. 2017) (citing Duvall, 260 F.3d at 1140).

As an initial matter, plaintiff cannot bring claims under the ADA against defendants in their individual capacities, and to the extent he is attempting to do so, these claims must be dismissed. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)). If plaintiff is attempting to bring individual capacity ADA claims under § 1983, he also fails to state a claim. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff
////

cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA.")).

Plaintiff's official capacity ADA claims should also be dismissed as redundant. The complaint asserts that the CDCR is named as the defendant entity violating the ADA and defendants Diaz and Rosa are the authorities responsible for ADA violations by the CDCR. ECF No. 11 at 19. However, although a plaintiff may pursue ADA claims against defendants in their official capacities, "[w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't, 533 F.3d 780, 799 (9th Cir. 2008). This reasoning applies equally to state entities and their officers. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (citation and internal quotation marks omitted)). Thus, because plaintiff has named the CDCR as a defendant, to the extent he is making them, plaintiff's official capacity ADA claims against any individual defendants should be dismissed.

Plaintiff has sufficiently alleged that he was disabled within the meaning of the ADA and that he was intentionally discriminated against when his requests for accommodation were summarily denied. The CDCR will therefore be required to respond to plaintiff's ADA claim related to the denial of accommodations at CMF.

C. Leave to Amend

For the reasons set forth above, the court finds that defendants located at ASP and CSP-Solano, as well as the ADA claims against the CDCR based on their conduct, should be dismissed because they are not properly joined. The court further finds that plaintiff's individual and official capacity ADA claims against defendants Diaz, Rosa, Petras, Reece, Ikegbu, and Austin should be dismissed because the individual capacity claims are barred and the official capacity claims are redundant of the claims against the CDCR. The Eighth Amendment claims against Reece should also be dismissed because plaintiff has not shown that Reece knowingly disregarded a risk to his safety. However, it appears that plaintiff may be able to allege facts to

8

remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Petras, Ikegbu, and Austin on his Eighth Amendment claim and the CDCR on his ADA claim based on the denial of accommodations at CMF, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his Eighth Amendment claims against Petras, Ikegbu, and Austin and his ADA claim against the CDCR based on the denial of accommodations at CMF without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint must be accompanied by a voluntarily dismissal without prejudice of all claims against defendants Diaz, Rosa, and Reece; those against the ASP[2] and CSP-Solano[3] defendants; individual and official capacity claims against defendants Petras, Ikegbu, and Austin under the ADA; and the ADA claims against the CDCR based on the conduct of individuals at ASP and CSP-Solano.

If plaintiff chooses instead to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be

---

[2] Defendants Ndoh, John Doe, Groves, Crenshaw, Young, Gassaway, Estrada, Green, Tanprasert, Wolfe, Hitchman, and Seigrist.

[3] Defendants Mayes, Mejorado, Scott, Largoza, Page, and Blackwell.

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

  IV. Motion for Temporary Restraining Order or Preliminary Injunction

    A. Standards for Issuing a Temporary Restraining Order or Preliminary Injunction

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Furthermore, mandatory preliminary injunctions like plaintiff seeks, as opposed to those which preserve the *status quo*, are "particularly disfavored" and "the district court should deny such relief unless the facts and law clearly favor the moving party." Stanley v. Univ. of S. Calif., 13 F.3d 1313, 1320 (9th Cir. 1994) (citation and internal quotation marks omitted); Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (plaintiff seeking mandatory injunction "must

////

establish that the law and facts *clearly favor* her position, not simply that she is likely to succeed." (emphasis in original)).

### B. Plaintiff Has Not Met the Requirements for Preliminary Injunctive Relief

Plaintiff seeks an order from the court directing the prison to re-instate his wheelchair chrono and provide him with a wheelchair. ECF No. 2 at 1. Although the allegations of the complaint are sufficient to state a claim for screening purposes, the fact that plaintiff once had a wheelchair chrono is not sufficient to show a likelihood of success on the merits, much less that the law and facts clearly favor his position. Moreover, plaintiff's alleged suffering as a result of the refusal to reinstate his wheelchair chrono, absent evidence to support those allegations, is insufficient to demonstrate a likelihood of irreparable harm. See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."). For these reasons, plaintiff's request for a temporary restraining order or preliminary injunction should be denied.

### C. The Court Lacks Jurisdiction

A district court has no authority to grant relief in the form of a temporary restraining order or preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)); Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of personal jurisdiction). "'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" In re Focus Media Inc., 387 F.3d 1077, 1081 (9th Cir. 2004) (quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff &Co., 484 U.S. 97, 104 (1987)).

The complaint in this case has yet to be served. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1985). Because the court currently lacks jurisdiction over the individuals

against whom plaintiff seeks injunctive relief, the motion should be denied.

### D. Plaintiff's Request for a Temporary Restraining Order is Defective

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Although plaintiff states that he has filed multiple emergency appeals and requests to various individuals within the CDCR, he has not provided the certification required by this rule regarding notice of the motion, nor are his unsupported allegations sufficient to demonstrate that he will suffer an immediate and irreparable injury or loss if the motion is not granted. Accordingly, the request for a temporary injunction is defective and should be denied.

### V. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your request for a temporary restraining order or preliminary injunction be denied because no defendant has been served and you have not provided evidence that you are likely to succeed or that you will suffer irreversible harm.

Some of the allegations in the complaint state claims against the defendants and some do not. You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment claims against defendants Petras, Ikegbu, and Austin and your ADA claims against the CDCR based on the denial of accommodations at CMF and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against defendants Reece, Diaz, Rosa, Ndoh, John Doe, Groves, Crenshaw, Young, Gassaway, Estrada, Green, Tanprasert, Wolfe, Hitchman, Seigrist, Mayes, Mejorado, Scott, Largoza, Page, and Blackwell; the official capacity claims under the ADA against defendants Petras, Ikegbu, and Austin; and the

ADA claims against the CDCR based on the denial of accommodations at ASP and CSP-Solano. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 12) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Ndoh, John Doe, Groves, Crenshaw, Young, Gassaway, Estrada, Green, Tanprasert, Wolfe, Hitchman, Seigrist, Mayes, Mejorado, Scott, Largoza, Page, and Blackwell and his ADA claims against the CDCR based on the conduct of these defendants are improperly joined.

4. Plaintiff's Eighth Amendment claim against defendant Reece and the individual capacity ADA claims against defendants Reece, Petras, Ikegbu, Austin, Diaz, and Rosa do not state claims for which relief can be granted.

5. Plaintiff's official capacity ADA claims against defendants Reece, Petras, Ikegbu, Austin, Diaz, and Rosa are redundant of his claims against the CDCR.

6. Plaintiff has the choice to either (1) proceed immediately on his Eighth Amendment claims against defendants Petras, Ikegbu, and Austin and his ADA claims against the CDCR based on the denial of accommodations at CMF, dismissing all other claims; or (2) to amend the complaint.

13

7. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Reece, Diaz, Rosa, Ndoh, John Doe, Groves, Crenshaw, Young, Gassaway, Estrada, Green, Tanprasert, Wolfe, Hitchman, Seigrist, Mayes, Mejorado, Scott, Largoza, Page, and Blackwell; the official capacity claims under the ADA against defendants Petras, Ikegbu, and Austin; and the ADA claims against the CDCR based on the denial of accommodations at ASP and CSP-Solano.

IT IS FURTHER RECOMMENDED that plaintiff's motion for preliminary injunction (ECF No. 2) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JAMES WELK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-3008 MCE AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment Claims against defendants Petras, Ikegbu, and Austin and his ADA claims against the CDCR based on the denial of accommodations at CMF without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendants Reece, Diaz, Rosa, Ndoh, John Doe, Groves, Crenshaw, Young, Gassaway, Estrada, Green, Tanprasert, Wolfe, Hitchman, Seigrist, Mayes, Mejorado, Scott, Largoza, Page, and Blackwell; the official capacity claims under the ADA against defendants Petras, Ikegbu, and Austin; and the ADA claims against the CDCR based on the denial of accommodations at ASP and CSP-Solano.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Richard James Welk
　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1